UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INNOVATIVE DESIGN AND BUILDING SERVICES, LLC,<br>       *Plaintiff*,<br><br>v.<br><br>ARCH INSURANCE COMPANY,<br>       *Defendant.* | Civil Action No. 12-cv-5474 (AJN) |

### PLAINTIFF INNOVATIVE DESIGN AND BUILDING SERVICES, LLC'S OPPOSITION TO DEFENDANT ARCH INSURANCE COMPANY'S MOTION FOR JUDGMENT ON PARTIAL FINDINGS TO DISMISS THAT PORTION OF PLAINTIFF'S CLAIM SEEKING MATERIAL SURCHARGES

Defendant Arch Insurance Company ("Arch") erroneously claims in its Motion that Plaintiff Innovative Design and Building Services, LLC's ("IDBS") "evidence submitted in support of its direct case is devoid of any evidence of (i) why the subcontracts should be adjusted for material surcharges and (ii) the basis for the computation of the alleged surcharges. Absent such evidence, IDBS cannot succeed on this portion of its claim." Contrary to Arch's assertions, there is ample evidence in the record to support the recovery of the balance of the materials surcharges that has yet to be paid. Furthermore, the amount of the material surcharges has never been disputed or objected to by Arch or its principal, J.K. Scanlan Company Inc. ("Scanlan").

### LEGAL STANDARD

Arch makes the bold assertion that: "A party cannot prove adjustments to a subcontract solely through its own invoices. U.S. ex rel. Sheldon Elec. Co. v. Blackhawk Heating & Plumbing Co., 1980 U.S. Dist. LEXIS 9207, *23-24 (S.D.N.Y. Apr. 22, 1980) (claim for extras based on plaintiff's own invoice and "meager testimony offered to substantiate this claim" by

1

plaintiff's officer "denied for failure of proof"). This is not an accurate statement of the general rule of law regarding the recovery on unobjected to invoices: "The rule to which we have adhered and which we now reiterate is that either retention of bills without objection or partial payment may give rise to an account stated (see M & R Constr. Corp. v. IDI Constr. Co., 4 A.D.3d 130, 771 N.Y.S.2d 346 [2004]; Rosenberg Selsman Rosenzweig & Co., LLP v. Slutsker, 278 A.D.2d 145, 718 N.Y.S.2d 317 [2000]; Chisholm-Ryder Co. v. Sommer & Sommer, 70 A.D.2d 429, 431, 421 N.Y.S.2d 455 [1979]). See Morrison Cohen Singer and Weinstein, LLP v. Waters, 13 A.D.3d 51, 786 N.Y.S.2d 155 (2004).

Sheldon is clearly distinguishable from the present case. In that case, the Court discussed at length the significant evidence that the amount claimed was disputed and was repeatedly objected to by the opposing party. In such a situation where there are clearly disputed invoices, then the plaintiff has the burden to respond to the evidence presented by the defendants as to the reason the invoices are disputed. In contrast, Arch has not offered any evidence that the amount of the material surcharges is disputed, and even if it offers such evidence at trial, IDBS will be able to offer compelling evidence that there is no merit to any challenge Arch might raise as to the calculation of the material surcharges. As such, Arch is not entitled to judgment dismissing IDBS' claim for the balance of the material surcharges include in its overall damages claim.

## EVIDENCE REGARDING MATERIAL SURCHARGES

As admitted by Arch, the Subcontracts contain an express provision on the calculation of the material surcharges. IDBS's invoices contain a column showing the material surcharges owed for each Subcontract. See Plaintiff Trial Exhibits N – T. Since Arch had never previously raised an issue regarding the material surcharges, IDBS did not include with its trial exhibits the spreadsheets showing the calculation of the material surcharges. However, IDBS submitted to

Scanlan with each invoice a detailed spreadsheet showing the calculation of the material surcharges. IDBS will have copies of these available at trial and is submitting to Arch and the Court the detailed spreadsheets showing the manner in which the material surcharge was calculated.

An example of the type of material surcharge spreadsheets sent to Scanlan with each invoice and which are being provided to the Court are included as part of Plaintiff's Trial Exhibit KK. This is a document produced by Arch in discovery reflecting some of the information it received from IDBS as part of the initial bond claim (ARCH00009 – ARCH000066). Included as part of the submission made on February 17, 2012 are three material surcharge spreadsheets showing the manner in which the material surcharge was calculated. See Plaintiff's Trial Exhibit KK, ARCH000056, ARCH000061, and ARCH000066. Arch never raised any objection to the manner in which the material surcharge was calculated in these documents.

IDBS sent further documentation to Arch on April 12, 2012. See Plaintiff's Trial Exhibit MM. Included with this documentation is a Schedule 1, showing total material surcharges in the amount of $535,051. Arch provided the letter of April 12, 2012 to its consultants and Scanlan. On April 15, 2012, Andrew Baker of Scanlan stated in an e-mail to Arch and its consultants that: "I have reviewed all of the Innovative numbers and put together a very simple 3 line spreadsheet confirming everything and it ties out to what Jolene [IDBS's CFO] had sent in her 4/12/12 letter that we were discussing on Thursday." See Plaintiff's Trial Exhibit SS. This e-mail establishes that Scanlan was in agreement with the total material surcharges of $535,051. See also Plaintiff's Trial Exhibit W, Letter Agreement dated February 14, 2012, whereby Scanlan agreed with outstanding balance that included material surcharges.

Arch had its financial consultant, Cashin Spinelli & Ferretti, LLC ("CSF") review all of IDBS's invoices, including the material surcharges included on the invoices. On May 3, 2012, CSF prepared a chart showing the amount due as of 5/3/12 being $5,243,083.65. This amount included all of the remaining material surcharges due and owing on the outstanding invoices. See Plaintiff's Trial Exhibit AAAA.

Scanlan and Arch have both made partial payments of the material surcharges without any objection. See Myers' Affidavit at ¶¶49, 50, 55 – 62. Arch did not raise in any Affirmative Defense that it was disputing the calculation of the material surcharges. Arch had ample opportunity to review the invoices and calculation of the material surcharges both before and during the pendency of this Action, and its failure to raise any objection until the eve of trial amounts to a waiver of any objection to the calculation of the material surcharges. Even if Arch is permitted to present evidence that the material surcharge was calculated improperly, IDBS should have an opportunity to present evidence on re-direct, including offering back-up documentation to the extent Arch raises any legitimate questions about the surcharges upon its cross-examination of IDBS' witnesses.

## CONCLUSION

There is no legal basis for dismissal of IDBS's claim for the amount of material surcharges still due and owing and Arch's motion should be denied.

Dated: January 29, 2014
New York, New York

MARCO & SITARAS, PLLC
Attorneys for the Plaintiff

By: _____
George Sitaras
33 Whitehall Street, 16th Floor
New York, NY 10004
(212) 430-6410

4